CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
June 12, 2018
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN VIRGINIA
CHARLOTTESVILLE DIVISION

JANE DOE,

        Plaintiff,

vs.

PAMELA SUTTON-WALLACE, Chief Executive Officer of the University of Virginia Medical Center, DR. SCOTT A. SYVERUD, DR. KATHLEEN ROOT, ADAM CARTER, CALLIE BATEMAN, JANE ROE 1-3, JOHN DOE 1-5,

        Defendants.

COMPLAINT and JURY DEMAND

Case No. 3:18-cv-00041

Jane Doe, by counsel, for her Complaint against Defendants, alleges as follows:

## JURISDICTION

This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4) as well as 28 U.S.C. § 1367(a).

## PARTIES

1. Plaintiff is a citizen and resident of the State of Virginia.

2. Pamela Sutton-Wallace is employed as the Chief Executive Officer of the University of Virginia Medical Center. In that capacity, she oversees the operations of all inpatient and ambulatory services of the medical center. The Medical Center is part of the University of Virginia Health System, which is controlled by the Rector and Visitors of the University of Virginia. She is sued in her official capacity for injunctive relief.

3. Defendant Dr. Scott A. Syverud is a physician employed at the University of Virginia Medical Center who was plaintiff's attending physician in the emergency room. At all times relevant to this action, he was acting under color of state law. He is sued in his individual capacity.

4. Defendant Dr. Kathleen Root, is a physician employed at the University of Virginia Medical Center. At all times relevant to this action, she was acting under color of state law. She is sued in her individual capacity.

5. Defendant Adam Carter is a Registered Nurse employed at the University of Virginia Medical Center. At all times relevant to this action, he was acting under color of state law. He is sued in his individual capacity.

6. Defendant Callie Bateman is a Registered Nurse employed at the University of Virginia Medical Center. At all times relevant to this action, she was acting under color of state law. She is sued in her individual capacity

7. Defendants "Jane Roe" 1-3 are employed at the University of Virginia Medical Center whose names are currently unknown. At all times relevant to this action, they were acting under color of state law. They are sued in their individual capacity.

8. Defendants "John Doe" 1-5 are currently unknown employees at the University of Virginia Medical Center. At all times relevant to this action, they were acting under color of state law. They are sued in their individual capacity.

## FACTS

9. On January 11, 2018, Plaintiff attempted suicide by placing a hose in the exhaust pipe of her car running into the passenger compartment.

2

10. Plaintiff was found in her car and, pursuant to a "paperless" custody order by a police officer, was taken by the Charlottesville Albemarle Rescue Squad to the University of Virginia Medical Center emergency room.

11. Plaintiff was told by Adam Carter, the nurse responsible for her care in the emergency room, that blood would be drawn and that Plaintiff had to give a urine sample but he never explained why. Plaintiff objected and Defendant Carter told her that the Emergency Custody Order authorized the taking of samples and the provision of medications even if she objected.

12. Because of her strenuous objections to blood work and the urine sample, Plaintiff was administered a series of injections by Adam Carter designed to medically restrain her. The medications included zyprex, a psychoactive drug, benadryl, often used as a sleep aid, and ativan, a sedative also used to combat anxiety. On information and belief, the medications were prescribed by Defendants Dr. Syverud and/or Dr. Root.

13. Plaintiff was then surrounded by John Doe 1-5, her arm was held against her wishes, and blood extracted against her will.

14. Since the medications did not have their complete desired effect, Plaintiff was later injected with ketamine, another psychoactive drug that induces a trance-like state while providing sedation, and memory loss. This was administered by Adam Carter on orders from Drs. Syverud and/or Dr. Root and done for the sole purpose of forcefully extracting urine from Plaintiff.

15. At no time did Defendant Carter or anyone else advise Plaintiff of the drugs she was administered or why nor of the likely effects and potential side effects of those

medications.

16. Plaintiff was then placed in physical restraints on orders from Drs. Syverud and/or Dr. Root at the request of Defendants Carter and Bateman for the sole purpose of extracting urine from Plaintiff.

17. John Does 1-5 assisted in placing Plaintiff in restraints and otherwise sought to physically restrain Plaintiff.

18. Since Plaintiff refused to provide a urine sample, an order had been obtained from Drs. Syverud and/or Dr. Root at the request of Defendant Carter to insert a silicone tube, known as a urinary catheter, into the Plaintiff's bladder via the urethra and urine was extracted from her.

19. Defendants Jane Roes 1-3 assisted in extracting the urine from Plaintiff.

20. At all times relevant to this complaint Plaintiff was competent to make decisions concerning her treatment.

21. Plaintiff is currently diagnosed with post traumatic stress disorder and has been actively involved in treatment for that condition. The conduct of the individual defendants severely exacerbated her condition.

22. On information and belief, it is the practice in the emergency room to force treatment and medications on unwilling but competent patients.

## CAUSES OF ACTION

### First Cause of Action
### (Violation of Due Process)

23. Plaintiff repeats the allegations of paragraphs 1-21 as if fully set forth herein.

4

24. Plaintiff has a protected liberty interest in refusing unwanted medical treatment, including, but not limited to psychoactive medications and intrusive medical procedures as outlined above.

25. The conduct of Defendants Syverud, Root, Carter, Bateman, John Doe 1-5 and Jane Roe 1-3, forcibly injecting drugs into Plaintiff, placing her in restraints, extracting blood without her consent and against her will, inserting a catheter to obtain urine without her consent and against her will, violated the Fourth and Fourteenth Amendments to the United States Constitution.

26. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

## Second Cause of Action
### (Violation of Due Process by Denying Informed Consent)

27. Plaintiff repeats the allegations of paragraphs 1-21 as if fully set forth herein.

28. Plaintiff has a protected liberty interest in knowing what drugs she is being administered and to give informed consent.

29. The conduct of Drs. Syverud and Root as well as RNs Carter and Batement as described herein violated Plaintiffs right to know what substances were injected into her body and to give informed consent for those drugs in violation of the Fourteenth Amendment to the United States Constitution..

30. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

## Third Cause of Action
### (Violation of 4th and 14th Amendments by Physically Restraining Plaintiff)

5

31. Plaintiff repeats the allegations of paragraphs 1-21 as if fully set forth herein.

32. Plaintiff has a right, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free of restraints

33. The conduct of Defendants Syverud, Root, Carter, Bateman, John Doe 1-5 and Jane Roe 1-3 as described above violated Plaintiff's right to be free of restraints, either medical or physical.

34. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

### Fourth Cause of Action
### (State Tort Action)

35. Plaintiff repeats the allegations of paragraphs 1-21 as if fully set forth herein.

36. The conduct of Defendants Syverud, Root, Carter, Bateman, John Doe 1-5 and Jane Roe 1-3, as described above, constitutes gross negligence as well as assault and battery and false imprisonment.

37. As a direct and proximate result of the conduct described herein, Plaintiff suffered physical harm and severe emotional distress.

**WHEREFORE**, Plaintiff seeks against the Defendants, severally and jointly, where appropriate, the following relief:

    a. Reasonable compensatory damages to be determined by a jury;

    b. An injunction directed at Defendant Pamela Sutton-Wallace to require all physicians, nurses and other medical care providers at the University of Virginia Medical Center to inform Plaintiff of the medications being administered her and

to obtain consent for the use of those medications;

c. An injunction directed at Defendant Pamela Sutton-Wallace to require all physicians, nurses and other medical care providers to respect the right of Plaintiff to refuse medication or other treatment;

d. An injunction directed at Defendant Pamela Sutton-Wallace to require all physicians, nurses and other medical care providers not to use restraints on Plaintiff for the purpose of administering medications or providing treatment against her wishes;

e. Reasonable attorneys fees and costs against Defendants pursuant to 42 U.S.C. § 1988; and,

f. Such other and further relief as appears reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

                                          s/Jeffrey E. Fogel
                                          Jeffrey E. Fogel

                                          Respectfully submitted,
                                          Jane Doe
                                          By Counsel

s/Jeffrey E. Fogel
Jeffrey E. Fogel, VSB #76345
Attorney at Law
913 E. Jefferson Street
Charlottesville, VA 22902
434-984-0300 (Tel)
434-220-4852 (Fax)
E-mail: Jeff.Fogel@gmail.com
Counsel for Plaintiff